⑥
5-24-01
sc

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SPENCER B. DURHAM,                           :
              Petitioner                     :
                                             :
        v.                                   :   CIVIL NO. 1:CV-01-0205
                                             :
R.M. REISH,                                  :   (Judge Kane)
                                             :
              Respondent                     :

**FILED**
HARRISBURG, PA

MAY 23 2001

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

### ORDER

**Background**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Spencer B. Durham, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill). Along with his petition, Durham has filed an application for leave to proceed in forma pauperis. For the reasons outlined below, Petitioner will be granted temporary in forma pauperis status for the purpose of filing this action. However, since the petitioner challenges future confinement based on a detainer growing out of a state conviction, this petition should be considered as an action under § 2254. The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

Certified from the record
Date 5-23-01
Mary E. D'Andrea, Clerk
Per _____
          Deputy Clerk

Named as sole Respondent is FCI-Schuylkill Warden R.M. Reish. The Petitioner states that he is not challenging his ongoing federal sentence. Rather, his petition alleges that a detainer lodged against him by the New York State Division of Parole "is illegal since such state (sic) has refused to give a parole revocation hearing within a reasonable time." (Doc. 1, ¶ 9(a).)

This court recognizes that a petition for writ of habeas corpus is the proper vehicle for challenging the legality of a detainer. However, since Durham is challenging future confinement based on a detainer arising out of a state criminal proceeding, his petition will be construed as seeking habeas relief under 28 U.S.C. § 2254. See Jones v. Federal Bureau of Prisons, Civil No. 1:CV-99-1448, slip op. at 3 (M.D. Pa. October 22, 1999) (Rambo, J.). It is also noted that federal habeas relief is only available if the applicant has exhausted the remedies available to him in the state which issued the detainer. See United States ex rel. Jennings v. State of Pennsylvania, 429 F. 2d 522, 523 (3d Cir. 1970).

Title 28 U.S.C. § 1404(a) provides that: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." Since habeas corpus proceedings are civil in nature, they are subsumed under the phrase "any civil

2

action." See <u>United States ex rel. Meadows v. State of New York</u>, 426 F.2d 1176 (S.D. N.Y. 1970). With this provision in mind, the action could have been brought in the Northern District of New York and the Middle District of Pennsylvania is not a convenient forum within which to attack a detainer lodged by another state. See <u>Hoffman v. Blaski</u>, 363 U.S. 335 (1960) (Where a prisoner brings an action in the district of confinement attacking a detainer lodged by another state, the court can, of course, transfer the suit to a more convenient forum); See also <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973) (The state holding the prisoner in immediate confinement acts as agent for the demanding state (the principal), the custodian state is presumably indifferent to the resolution of the prisoner's attack on the detainer, and the action could be transferred to the district court in the demanding state). The validity of a detainer issued by the State of New York, and a decision as to whether Durham has exhausted his available New York state court remedies are best determined by a federal judge familiar with the laws of that state.

Petitioner states that his underlying state convictions occurred in Rensseler and Washington counties which are both located within the confines of the United States District Court for the Northern District of New York. Pursuant to §1404(a), Durham's petition will be transferred to the Northern District of New York. An appropriate order will enter.

3

NOW, THEREFORE, THIS 22nd DAY OF MAY, 2001, IT IS HEREBY ORDERED THAT:

1. Petitioner is granted temporary in forma pauperis status.

2. The petition for writ if habeas corpus is construed as seeking relief under 28 U.S.C. § 2254.

3. The Clerk of Court is directed to transfer this case to the United States District Court for the Northern District of New York. See 28 U.S.C. § 1404(a).

4. The Clerk of Court is directed to close the case.

_____
YVETTE KANE
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 23, 2001

Re: 1:01-cv-00205   Durham v. Reish

True and correct copies of the attached were mailed by the clerk to the following:

Spencer B. Durham
FPC-SCHUYKILL
03900-082
P.O. Box 670
Minersville, PA  17954

```
cc:
Judge                         (✓)         (✓) Pro Se Law Clerk
Magistrate Judge              ( )         ( ) INS
U.S. Marshal                  ( )         ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )        Copy for NDNY.
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 (✓)
Federal Public Defender       ( )
Summons Issued                ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to:  US Atty Gen   ( )    PA Atty Gen ( )
                                        DA of County  ( )    Respondents ( )
Bankruptcy Court              ( )
Other_____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: 5-23-01                              BY: _____
                                                Deputy Clerk